


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL BRAND LICENSING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3-02CV-782-L |
| WILLIAMSON-DICKIE | § | |
| MANUFACTURING COMPANY, a | § | 402-CV-0663-A |
| Texas corporation, and | § | |
| WILLIAMSON-DICKIE | § | |
| MANUFACTURING COMPANY, a | § | |
| Delaware corporation, | § | |
| | § | |
| Defendants. | § | |

### ORIGINAL ANSWER AND COUNTERCLAIM

COME NOW the Defendants, WILLIAMSON-DICKIE MANUFACTURING COMPANY, a Texas corporation, and WILLIAMSON DICKIE MANUFACTURING COMPANY, a Delaware corporation (collectively "Williamson-Dickie" or "Defendant"), by and through their undersigned counsel, and for answer to Plaintiff's Complaint would respectfully show as follows:

1. Williamson-Dickie admits that National Brand Licensing, Inc. ("NBL") is incorporated in the State of New York. Williamson-Dickie has no knowledge of whether the current location of NBL's principal office or place of business is located in California, and therefore denies the remainder of paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2. Williamson-Dickie admits that it began as Williamson-Dickie Manufacturing Company, a Texas corporation and that such corporation was merged into Williamson-Dickie Manufacturing Company, a Delaware corporation in 1998.

Williamson-Dickie admits that its registered agent is CT Corporation Systems but denies it is necessary to serve it twice or that there are two distinct corporations in existence; therefore, Defendant denies each and every, all and singular, the allegations contained in paragraph 2 of the Complaint and demands strict proof thereof.

3.  Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.  Defendant, Williamson-Dickie Manufacturing Company, admits jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, and that Williamson-Dickie is a Delaware corporation with its principal offices in Fort Worth, Tarrant County, Texas. Defendant further admits that NBL is a New York corporation with its principal place of business, last known to this Defendant, in New York.

5.  Defendant admits that 28 U.S.C. §1391(a) pertains to venue and that venue is proper in the Northern District of Texas; however, since Williamson-Dickie Manufacturing Company's principal place of business is situated in Fort Worth, Tarrant County, Texas, and the contract made the basis of this suit was made there and performable in part there, it denies that venue is proper in the Dallas Division of the Northern District of Texas. Defendant would show and will move this Honorable Court, to transfer this cause of action to the Fort Worth Division—the division of proper venue.

6.  Defendant, Williamson-Dickie Manufacturing Company, a Delaware corporation, admits that its predecessor, a Texas corporation of the same name, entered into a written agreement with NBL on or about July 30, 1980. Said contract and its amendments set forth the terms and conditions of the agreement between the parties.

7. Williamson-Dickie admits only that Schedule A to the 1980 agreement was amended by letters dated September 22, 1982, September 23, 1985, July 17, 1986, March 20, 1989, May 21, 1990 and April 26, 1994. Defendant denies each and every, all and singular, the remaining allegations of paragraph 7 of the Complaint and demands strict proof thereof.

8. Williamson-Dickie admits that there were written amendments dated May 29, 1991, to the July 30, 1980, agreement, including but not limited to paragraphs 8.1 of Section VIII entitled "Duration of this Agreement," and to paragraph 5.3 of Section V entitled "Compensation to NBL," wherein section 8.1 created a new five-year initial term and section 5.3 requires the personal services of Gene Summ or Miriam Summ. Defendant denies each and every, all and singular, the remaining allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies each and every, all and singular, the allegations contained in paragraph 10 of the Complaint, and demands strict proof thereof.

11. Defendant admits Paragraph 8.1 of the agreement provided that either party to the Agreement may terminate the same upon 90 days written notice to the other, but denies the allegation in Paragraph 11 of the Complaint that payments unconditionally continue forever. Therefore, Defendant demands strict proof thereof.

12. Defendant admits sending Plaintiff the notice letter dated February 26, 1998, but denies Plaintiff's paraphrase of same contained in paragraph 12 of the Complaint, and demands strict proof thereof.

13. Defendant admits the allegation concerning the responsive letter from NBL contained in paragraph 13 of the Complaint, but denies a continuing obligation for payment as alleged and demands strict proof thereof.

14. Defendant admits the receipt of names of prospective licensees as alleged in paragraph 14 of the Complaint; however, Defendant denies the obligation for continuing payments and demands strict proof thereof.

15. Defendant admits making payments during the time alleged in paragraph 15 of the Complaint in the approximate amount pleaded but denies any continuing obligation for payments and demands strict proof thereof.

16. Defendant admits writing the letter dated January 30, 2002, as alleged in paragraph 16 of the Complaint; however, Defendant denies Plaintiff's paraphrase of the same and demands strict proof thereof.

17. Defendant denies each and every, all and singular, the allegations contained in paragraph 17, 17(a) and 17(b) of the Complaint, and demands strict proof thereof.

18. Defendant denies each and every, all and singular, the allegations contained in paragraph 18 of the Complaint, and demands strict proof thereof.

19. No paragraph numbered 19 in contained the Complaint.

20. No paragraph numbered 20 in the Complaint.

21. Defendant denies each and every, all and singular, the allegations contained in paragraph 21 of the Complaint, and demands strict proof thereof.

22. Defendant denies each and every, all and singular, the allegations

contained in paragraph 22 of the Complaint, and demands strict proof thereof.

23. Defendant denies each and every, all and singular, the allegations contained in paragraph 23 of the Complaint, and demands strict proof thereof.

24. Defendant denies each and every, all and singular, the allegations contained in paragraph 24 of the Complaint, and demands strict proof thereof.

25. Defendant hereby joins in the demand for trial by jury.

26. Defendant denies Plaintiff's entitlement to the relief requested in Plaintiff's Prayer.

27. Defendant would show that its obligation to continue to make payments pursuant to applicable licenses is conditioned upon at least one of the two principals of NBL, Gene or Miriam Summ, continuing to be actively engaged in the licensing business. Defendant would show that parties contractually agreed upon what constitutes being "actively engaged" in the licensing business. Defendant would show that prior to the cessation of payments to NBL neither Gene nor Miriam Summ was actively engaged in the business, but had retired from the business according to the agreed criteria set forth in the agreements between the parties. Therefore, Defendant would show that plaintiff has not fulfilled all of the conditions necessary to be entitled to continued payment. Defendant would show that it is not obligated to make any further payments under the agreement.

## COUNTER-CLAIM FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT

COMES NOW Williamson-Dickie Manufacturing Company, a Delaware corporation ("Williamson-Dickie"), by and through its undersigned attorney of record, and files its Counter-Claim for Breach of Contract and for Declaratory Judgment against NATIONAL BRAND LICENSING, INC. ("NBL"), and would respectfully show the Court the following:

28. <u>Jurisdiction and Venue</u>. The United States District Court for the Northern District of Texas has jurisdiction of the parties hereto by virtue of plaintiff's complaint and defendant's answer. Accordingly no issuance of summons or service thereof is necessary. Venue is proper in the Northern District of Texas, Fort Worth Division, and Defendant/Counter-Plaintiff intends to move this Honorable Court for change of venue to the Fort Worth Division as soon as possible.

29. <u>Declaratory Judgment</u>. On or about July 30, 1980, Counter-Plaintiff, Williamson-Dickie, entered into a contract with Counter-Defendant, NBL, for the purpose of allowing NBL to license manufacturers of various products to use the logo(s) owned by Williamson-Dickie Manufacturing Company. Thereafter, such contract was periodically amended to include additional products and/or territories to be exclusively licensed by National Brand Licensing, Inc. to bear the Williamson-Dickie logo(s). On or about May 29, 1991, the agreement was again amended to provide for a new initial term of the contract as well as to require the active personal services of Gene Summ or Miriam Summ, the principals of NBL, in order for NBL to continue to collect royalties on certain previously-licensed accounts.

29.     Counter-Plaintiff, William Dickie Manufacturing, would show that National Brand Licensing, Inc. has breached the agreement in that it has continued to accept payments under the contract after the effective de facto retirement of both Gene Summ and Miriam Summ.  Counter-Plaintiff would show that as the parties have agreed upon what constitutes being "actively engaged" in the business, both Gene and Miriam Summ have for an as yet undetermined period of time not been "actively engaged" in the business as required by the contract.  Accordingly NBL has not been entitled to payments made during the period in which neither Gene Summ nor Miriam Summ were "actively engaged" in the business.  However, to the damage of Counter-Plaintiff, NBL has obtained payments to which it was not entitled under the contract.  Counter-Plaintiff is entitled to recover any and all sums paid NBL while neither Gene Summ nor Miriam Summ were "actively engaged" in the licensing business.

30.     Counter-Plaintiff seeks declaratory relief from the court pursuant to 28 U.S.C. § 2201 in the form of a declaration that according to the terms and conditions of the agreement of the parties, that neither Gene Summ nor Miriam Summ are "actively engaged" in the licensing business, as that term has been agreed by the parties. Further, Counter-Plaintiff seeks a declaration that NBL is not entitled to any payment for any period of time in which neither Gene Summ nor Miriam Summ were "actively engaged" in the licensing business.

31.     Counter-Plaintiff seeks further declaration from the court that the agreement made the basis of this suit has been fully and finally terminated and is no longer of any force or effect.

32.   Counter-Plaintiff has retained the undersigned counsel to pursue its claims against NBL for breach of contract and declaratory relief.  Counter-Plaintiff has agreed to pay reasonable attorney's fees for the filing and prosecution of its counter-claims through trial on the merits and appeal, if necessary.  A reasonable attorney's fee for services in this case exceeds $25,000.00.

### PRAYER

33.   WHEREFORE PREMISES CONSIDERED, Williamson-Dickie Manufacturing Company prays that upon trial on the merits the court will render judgment that plaintiff take nothing and bear all costs in connection herewith. Williamson-Dickie Manufacturing further prays of declaratory relief that the agreement at issue has been fully and finally terminated.  Finally Williamson-Dickie prays that upon trial on the merits this court will render judgment against Nation Brands Licensing, Inc. for recovery of all sums to which Williamson-Dickie is entitled together with pre and post judgment interest and reasonable attorney's fees.  Finally Williamson-Dickie Manufacturing Company prays for general and such other relief at law or in equity to which it may show itself justly entitled.

Respectfully submitted,

*[signature]*

Daniel L. Bates
State Bar No. 01899900
Decker, Jones, McMackin, McClane,
  Hall & Bates, P.C.
801 Cherry Street, Suite 2000
Fort Worth, Texas  76102-6836
(817) 336-2400
(817) 332-3043

ATTORNEY FOR DEFENDANT

### Certificate of Service

I HEREBY CERTIFY that the above and foregoing instrument was provided to:

Ernest E. Figari, Jr., Esq.
Melissa A. Mitchell, Esq.
Figari Davenport & Graves
901 Main Street, Suite 3400
Dallas, TX  75202

via United States mail, postage prepaid, in accordance with the Federal Rules of Civil Procedure, on this __7th__ day of __May__, 2002.

*[signature]*

Daniel L. Bates