IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATIONAL BRAND LICENSING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:02-CV-0663-A |
| | § | |
| WILLIAMSON-DICKIE MANUFACTURING COMPANY, A Texas Corporation, and WILLIAMSON-DICKIE MANUFACTURING COMPANY, A Delaware Corporation, | § | |
| | § | |
| Defendants. | § | |

## MOTION OF PLAINTIFF NATIONAL BRAND LICENSING, INC. FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff National Brand Licensing, Inc. ("NBL"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court to enter partial summary judgment against Defendant Williamson-Dickie Manufacturing Company ("Williamson") as follows:

1. The matters required by N.D. Tex. Local Rule 56.3(a) to be contained in the present motion are, as authorized by N.D. Tex. Local Rule 56.3(b), set forth in NBL's brief submitted contemporaneously with this motion.

2. This motion for partial summary judgment seeks entry of a summary judgment in favor of NBL providing for: (a) declaratory relief as to the construction to be accorded the written agreement between NBL and Williamson which underlies the present dispute, (b) a monetary award representing the percentage of royalties due NBL under such agreement through June 30, 2002, the amount of which is based on Williamson's records and is undisputed, (c) accrued interest before final judgment on such award at 10% per annum; (d) an adjudication of the liability of Williamson under Chapter 38 of the Texas Civil Practice & Remedies Code for attorneys' fees to be awarded to NBL, and (e) dismissing with prejudice Williamson's counterclaim, the basis of which is a construction of the agreement opposite of the one advocated by NBL.[1]

3. This motion is based on the current pleadings in the present action and is supported by the appendix being submitted contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, NBL requests partial summary judgment be entered in its favor as set forth hereinabove.

---

[1] The only matter in the present action as to which NBL does not seek summary adjudication is the <u>amount</u> of reasonable attorneys' fees to be awarded NBL if it prevails in the present action.

**MOTION OF PLAINTIFF NATIONAL BRAND**
**LICENSING, INC. FOR PARTIAL SUMMARY JUDGMENT -- Page 2**

Respectfully submitted,

By: _____
Ernest E. Figari, Jr.
State Bar No. 06983000
Dennis M. Lynch
State Bar No. 90001506

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR PLAINTIFF
NATIONAL BRAND LICENSING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent via hand delivery to counsel for Defendant, Daniel L. Bates, Decker, Jones, McMackin, McClane, Hall & Bates, P.C., 801 Cherry Street, Suite 1200, Fort Worth, Texas 76102-6836, on this the 13th day of January, 2003.

_____
Dennis M. Lynch

I:\15374\0001\PLEADINGS\msj of nbl.wpd

**MOTION OF PLAINTIFF NATIONAL BRAND**
**LICENSING, INC. FOR PARTIAL SUMMARY JUDGMENT -- Page 4**