

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATIONAL BRAND LICENSING, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:02-CV-0663-A |
| § | |
| WILLIAMSON-DICKIE MANUFACTURING § | |
| COMPANY, ET AL., § | |
| § | |
| Defendants. § | |

ORDER

Came on for consideration the cross-motions of plaintiff,
National Brand Licensing, Inc., and defendant, Williamson-Dickie
Manufacturing Company, Inc.,[1] for partial summary judgment. The
court, having considered the motions, the responses, the record,
the summary judgment evidence, and applicable authorities, finds
that plaintiff's motion should be granted and that defendant's
motion should be denied.

The court is of the opinion that plaintiff's interpretation
of the agreement at issue is the only reasonable interpretation.
The agreement, as amended, is clear on its face and no resort
need be had to the circumstances surrounding its negotiation to
interpret it. The interpretation urged by defendant is strained

---

[1] According to the answer filed May 7, 2002, defendant
Williamson-Dickie Manufacturing Company, a Texas corporation, was
merged into Williamson-Dickie Manufacturing Company, a Delaware
corporation, in 1998.

and absurd.  Defendant breached the agreement by failing to make the payments required thereunder.

The court ORDERS that plaintiff's motion for partial summary judgment be, and is hereby, granted, and that defendant's motion be, and is hereby, denied.

The court ORDERS and DECLARES that:  (1) Plaintiff is entitled to continue receiving royalties pursuant to paragraph 5.2 of the agreement between the parties the subject of this action; (2) plaintiff have and recover from defendant the sum of all payments that should have been, but were not, made by defendant to plaintiff under the agreement, plus prejudgment interest on each past-due payment at the rate of 10% per annum from the date originally due through the date judgment is entered in this case; (3) plaintiff is entitled to recover its reasonable and necessary attorneys' fees for the prosecution of this action, no objection having been made to the request for such an award; and, that (4) defendant's counterclaim be, and is hereby, dismissed with prejudice.

The court FURTHER ORDERS that by 4:30 p.m., on March 3, 2003, plaintiff file an appropriate motion for attorneys' fees supported by affidavit or declaration giving (1) a description of each item of work performed, (2) the date on which each item of work was performed, (3) the identity of the attorney who performed each item of work, (4) the amount of time devoted by

2

each attorney to performance of each item of work, (5) the hourly rate charged by each attorney performing work, and (6) any other matter plaintiff wishes the court to consider on the issue of the amount of attorneys' fees and expenses to be awarded, and that by 4:30 p.m., on March 10, 2003, defendant file its response, if any, to such motion.

The court further ORDERS that by 4:30 p.m. on March 10, 2003, the parties jointly file a document giving the dollar amount as of that date owed by defendant to plaintiff under paragraph 5.2 of the parties' agreement and the dollar amount of prejudgment interest due thereon.

SIGNED February 24, 2003.

JOHN McBRYDE
United States District Judge